IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mark E. Blakely, *aka Anunnaki Mayor Sholom El Blakeney*, <br><br>Plaintiff, <br><br>vs. <br><br>U.S. Department of Health and Human Services, <br>Social Security Administration, <br>Virginia Department of Social Services, <br>City of Norfolk, V.A., *Child Support Enforcement*, <br>City of Newport News, V.A., *Child Support Enforcement*, <br>City of Petersburg, V.A., *Child Support Enforcement*, <br>Virginia Department of Revenue, <br>Virginia Attorney General Offices, <br>Sandra Austin, *of Norfolk Child Support Division*, <br>M. Heggins, *of Norfolk Child Support Division*, <br>Paula C. Merritt, *of Norfolk Child Support Division*, <br>Daniela Wagner, *of Norfolk Child Support Division*, <br>Mrs. Horward, *of the Newport News Child Support Division*, <br>C. Schofeild, *of the Newport News Child Support Division*, <br>Carmen M Silmon, *of the Newport News Child Support Division*, <br>Lourdes Burlely, *of Petersburg Child Support Division*, <br><br>Defendants. | C/A No. 6:17-1481-HMH-KFM <br><br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, proceeding *pro se*, brings this civil action asserting a claim under 42 U.S.C. § 1983. The plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint is subject to summary dismissal.

## BACKGROUND

The plaintiff states that he brings this case for violations of "due process, searches, warrants, seizures, identity fraud, denial of equal protection of law, self incrimination, involuntary servitude, [and] 42 U.S.C. § 1983" (doc. 1 at 4–5). It appears that

1

the plaintiff is challenging child support payments imposed by the Commonwealth of Virginia. He seems to allege that part of his social security income is withheld for child support payments and states that provisions of the 1996 Welfare Reform Law violate the Equal Protection Clause (*id*. at 12). He seems to allege that some searches, seizures, and warrants are void because they contradict the Constitution (*id*.). The plaintiff asserts that the Federal Child Support Enforcement Program favors the custodial parent because it allows for "civil contempt and incarceration against legal fathers" and allows for a windfall for the custodial parent while forcing the plaintiff into poverty (*id*. at 13). He appears to contend that any program enforcing his child support payments "constitutes a public taking for a public purpose" (*id*.). He states that child support is considered income by the Commonwealth of Virginia and is not taxed; therefore, it violates the "equal protection of the law" (*id*.). He asserts that Defendants Sandra Austin, Paula C. Merritt, Daniela Wagner, Lourdes Burlely, Mrs. Howard, Mrs. C. Schofeild, and Carmen M. Silmon violated his Fifth Amendment right against self-incrimination by informing him that he would be held in contempt of court if he refused to provide information (*id*.). He concludes this portion of the complaint by stating that his child support payments amount to involuntary servitude because he "did not volunteer for child support" (*id*. at 14).

He attaches a document in which he states that various government agencies created an intentional commercial fraud from his name "for the purpose of disenfranchising the living man/spirit" (doc. 1-1 at 1). He seems to attempt to "copyright, copy-claim and trademark" the name "Anunnaki Mayor Sholom-El Blakeney . . . and any/all derivatives thereof" (*id*. at 2). It appears that the plaintiff is attempting to create a contract demanding payment for any use of his name (*id*.).

The plaintiff seeks $2,500,000; "actual and compensatory damages sufficient to make him whole[;] punitive damages against defendants sufficient to punish them and deter further wrongdoing[;] treble damages[;] injunctive relief sufficient to protect plaintiff and his family from the ongoing harassment and intimidation of defendants[;] attorneys' fees, litigation expenses, cost pre- and post judgment, interest as provided by law and[;]

2

such other and further relief as the court deems just and proper (doc. 1 at 8, 14).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

The plaintiff fails to identify a federal cause of action for challenging the garnishment of his Social Security benefits for child support. *See Trimble v. United States Soc. Sec.*, 369 F. App'x 27, 31 (11th Cir. 2010) (finding no private right of action to dispute child-support garnishment of Social Security benefits under Fifth Amendment, Administrative Procedure Act, Federal Tort Claims Act, or Social Security Act); *Colbert v.*

3

*Roling*, 233 F. App'x 587, 589–90 (8th Cir. 2007) (holding that neither 42 U.S.C. § 1983 nor the Consumer Credit Protection Act provide means to challenge child-support garnishment).[1] The Social Security Act authorizes the garnishment of benefits to fulfill child support obligations. 42 U.S.C. § 659(a). The Supreme Court has held that "the Government cannot be held liable for honoring a writ of garnishment which is 'regular on its face' and has been issued by a court with subject-matter jurisdiction to issue such orders." *United States v. Morton*, 467 U.S. 822, 836 (1984) (quoting 42 U.S.C. § 659(f)(1)). Federal courts have no power to "look beyond the face of the court order" to assess the propriety of a writ of garnishment. *Trimble*, 369 F. App' x at 31. Moreover, sovereign immunity would bar such a claim because the United States has not consented to such suits. *See id.* at 30.

Further, this court does not have jurisdiction to review an order by a Family Court in South Carolina or a Virginia court of similar jurisdiction[2] regarding the plaintiff's child support. A federal district court cannot review decision of state courts in non-habeas civil cases. Where a plaintiff files an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings

---

[1] With respect to any claims the plaintiff makes that his Fifth Amendment rights were violated, the Fifth Amendment provides, "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V. The privilege against compulsory self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972) (footnotes omitted). However, where there is no reasonable, real and appreciable ground to believe a compelled statement or information derived from it can be used in a criminal proceeding against the testifier, the Fifth Amendment provides no protection. *See Brown v. Walker*, 161 U.S. 591, 597, 599 (1896) (privilege not available if testifier pardoned of crime; stating "[I]f the testimony sought cannot possibly be used as a basis for, or in aid of, a criminal prosecution against the witness, the [right against self-incrimination] ceases to apply."). Here, the plaintiff has not adequately pled a Fifth Amendment violation because he has not alleged that anything he told the defendants was self-incriminating, he merely seems to take issue with the fact that he was asked for information at all (*see* doc. 1 at 13).

[2] In Virginia, courts that have jurisdiction over juveniles, family relations, child custody, and child support are called "Juvenile Domestic Relations District Courts." *See* Va. Code 16.1-241 (2015).

4

commenced, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions. *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *see also Dukes v. Stone*, No. 3:08-505-PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment). Here, the crux of the plaintiffs' entire case seems to be seeking an order to vacate the Virginia court's child support order. The plaintiff is not satisfied with the decision of the Virginia court, and he is improperly bringing this action in an attempt to overrule the state court decisions. *Cf. In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (noting that pursuant to 28 U.S.C. § 1738 all federal courts must give full faith and credit to valid state court judgments); *see also* 28 U.S.C. § 1738A (full faith and credit for child custody orders by state courts); 28 U.S.C. § 1738B (full faith and credit for child support orders issued by state courts). Therefore, the entire action should be dismissed pursuant to the *Rooker-Feldman* abstention doctrine.[3]

To the extent the plaintiff attempts to allege state law claims pursuant to either Virginia's or South Carolina's Tort Claims Act or any other violation of state law in addition to his § 1983 claims, such state law claims could be heard by this Court only through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims.[4] Federal courts are permitted to

---

[3] The undersigned is aware that "[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (citation omitted). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.*

[4] A civil action for the plaintiff's state law claims could be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. However, the domestic relations exception would bar this Court from entertaining the plaintiff's suit. *See Marshall v. Marshall*, 547 U.S. 293, 308 (2006) ("'[D]ivorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds" (quoting *Ankenbrandt v. Richards*,

decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction." To the extent the plaintiff bases any claim on state law, the court recommends that the district judge decline to exercise supplemental jurisdiction in this case.

### **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **The plaintiff's attention is directed to the important notice on the next page.**

June 23, 2017  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

---

504 U.S. 689, 703 (1992))); *Griessel v. Mobley*, 554 F.Supp.2d. 597, 601, 604 (M.D.N.C. 2008) (applying domestic relations exception to remand child-support claim back to state court).

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).